[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] CORRECTED MEMORANDUM OF DECISION ON ATTORNEY'S FEES FOR THE CHILDREN'S MOTION FOR CONTEMPT (DOCKET ENTRY NO. 139) AND MOTION FOR ATTORNEY'S FEES (DOCKET ENTRY NO. 144)
Counsel for the minor children has submitted two affidavits with regard to fees, one dated August 31, 1998, and one dated November 4, 1998, for a total of $3,235 for services from May 20, 1998 to and including November 3, 1998, but not including her time on November 4, 1998. Additionally, counsel for the minor children has sought counsel fees of $1,905 for services from September 5, 1997 to March 31, 1998. The defendant has been ordered to pay $9,520 in fees, the same to be paid $100.00 per month. The defendant has paid $40.00 toward that amount so that there is an arrearage of $9,480.
On February 26, 1998, Judge Kavanewsky entered an order that the fees of $9,520 could be paid by a payment of $25.00 per month until the then current arrearage of support was paid in full at which time the order was to return to $100.00 per month. That current arrearage has now been paid by wage withholding so that the order of $100.00 per month shall now be reinstated, which sum shall be paid beginning December 15, 1998, and shall be payable on the fifteenth of each month thereafter.
While it would appear that the period March 21, 1998 to May 20, 1998 is unaccounted for, it is apparent that counsel's fees for that period amount to $645.00. (The difference between the amount past due of $2,550 in the affidavit of August 31 and the amount of $1,905 in the affidavit of April 9, 1998. Docket entry number 145.) Thus, counsel's claim is $5,785 in fees from September 3, 1997. However, the full amount must include $450.00 for one half day on November 4, 1998, for a total of $6,235. The court has examined counsel's affidavits and has observed CT Page 13684 counsel's appearances before the court on September 3, 10 and November 3 and 4, 1998. The court finds the amount of $6,235 to be a fair and reasonable charge for the services claimed by counsel and allows additional counsel fees of $6,235.
There is a balance due prior to this order as previously noted of $9,480. Early on in these proceedings the court had ordered counsel for the children's fees to be paid one half by each. The parties did so and part of the fees paid by the defendant ($1,450 of $2,900) was a credit against a past support arrearage owed to the plaintiff by the defendant. The additional attorney's fees owed shall be an obligation wholly of the defendant's since all of the motions have been necessitated by the defendant's own making. The court orders, then, that the additional counsel fees shall be entirely the defendant's obligation. Owed then to the attorney for the children is the sum of $15,715. This shall be paid by the defendant by payment of $100.00 per month as already ordered herein. Upon default in any payment, the entire sum shall then become immediately due and payable.
When support is no longer ordered for Kasmira and Madison, the amount per month shall increase to $200.00 per month. When support is no longer ordered for Rockwell, the amount per month shall increase to $300.00 per month until this obligation is paid in full.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE